United States District Court
Southern District of Texas
**ENTERED**
April 23, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNATHAN QUINCEY FRANKLIN, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1163 |
| CAPTAIN VINCENT, *ET AL.*, | § § | |
| *Defendants.* | § § | |

### ORDER OF PARTIAL DISMISSAL

Plaintiff Johnathan Quincey Franklin, a state inmate proceeding *pro se* and *in forma pauperis*, filed an amended section 1983 complaint against prison officials for their alleged violation of his constitutional rights.

Having screened the amended complaint as required by section 1915, the Court DISMISSES IN PART this lawsuit and ORDERS as follows.

### *Background and Claims*

Plaintiff names as defendants Estelle Unit Captain Vincent and State Classification Committee members John and Jane Doe. The defendants are sued in their individual and official capacities. Plaintiff claims that he was housed at the Estelle Unit during a 2012 prison gang riot at the unit, but that he did not participate in the riot. Because of actions he took after the riot, he was labeled a "snitch" by prison gang members. He requested an offender protection investigation ("OPI"), which apparently culminated in a written report by defendant Vincent. Plaintiff complains that Vincent's

report contained an incomplete "enemies list," which caused him to be housed near gang members in his subsequent transfers to other prison units. He raises claims against Vincent for a "campaign of harassment, failure to protect, and discrimination." As judicial relief, plaintiff requests that the Court "stop the defendants from housing the plaintiff with offenders who participated in the [2012 Estelle Unit riot] and the ongoing retaliation."

## *Analysis*

When a plaintiff is proceeding *in forma pauperis*, a court is required to dismiss the complaint at any time if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a cause of action under section 1983, a plaintiff must identify a defendant who was either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Plaintiff's allegations against defendant Vincent raise no viable section 1983 claim for which relief can be granted, as plaintiff is no longer housed at the Estelle Unit. Plaintiff alleges no facts showing that Vincent currently has any authority over plaintiff's housing at other prison units, or that he has authority to control or stop any actions being taken against him at other prison units.

Moreover, plaintiff alleges no facts showing that Vincent was deliberately indifferent to plaintiff's future safety in writing his OPI report. The Eighth Amendment

affords prisoners reasonable protection against injury at the hands of other inmates. *Smith v. Wade*, 461 U.S. 30 (1983); *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). The standard to employ is whether prison officials were deliberately indifferent to the safety needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. A prison official, however, may avoid liability if he responded reasonably to the risk, even if the harm ultimately was not averted. *Id.* at 844. The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

Plaintiff's allegations do not show that, at the time he wrote the OPI report, Vincent knew of and disregarded an excessive risk to plaintiff's safety as to future prison transfers; that is, plaintiff allege no facts from which it could be inferred that Vincent knew his OPI report created a substantial risk to plaintiff's safety and that Vincent actually drew the inference. Plaintiff's allegations do not establish that he faced a substantial threat of harm as a result of Vincent's OPI report.

Moreover, plaintiff's own pleading show that he filed similar OPI or endangerment requests at each of his subsequent prison units, notifying officials at each unit of gang-related issues. Officials at each unit then took whatever action they deemed necessary at the time. A review of public court records shows that plaintiff filed lawsuits

against the officials at each subsequent prison unit raising claims for failures to protect and to investigate properly his OPI requests. *See Franklin v. Doyle*, C.A. No. G-17-0069 (S.D. Tex.), and the claims asserted therein.

Moreover, plaintiff alleges no facts demonstrating that Vincent "harassed" him or discriminated against him, and these claims will be dismissed.

Plaintiff fails to allege facts sufficient to state a viable claim against Vincent for failure to protect, harassment, or discrimination. Plaintiff further fails to show that his requested relief against Vincent would alleviate plaintiff's current complaints. Plaintiff's claims against Vincent are DISMISSED WITH PREJUDICE.

B.  John Doe and Jane Doe

Plaintiff sues two unnamed members of the State Classification Committee in their official and individual capacity. The Court cannot order service of process on these defendants unless plaintiff provides these individual's names and addresses for service.

Plaintiff is ORDERED to provide the Court with names and addresses for service of process for these two defendants within thirty days from date of this order. Plaintiff's failure to comply with this order may result in dismissal of his claims against these defendants for failure to prosecute.

*Conclusion*

The Court ORDERS as follows:

(1) Plaintiff's claims against defendant Captain Vincent are DISMISSED WITH PREJUDICE for failure to state a viable claim for which relief can be granted under section 1983.

(2) Within thirty days from date of this order, plaintiff shall provide the Court with the names and addresses for service of the two State Classification Committee defendants.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on April 23, 2018.

_____
Gray H. Miller
United States District Judge